| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>District of New Jersey<br><br>Albert Russo<br>Standing Chapter 13 Trustee<br>Po Box 4853<br>Trenton, NJ  08650-4853<br>(609) 587-6888 | **Order Filed on March 20, 2025<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey** |
| In re:<br><br>Virginia Karros<br><br>Debtor(s) | Case No.: 24-12353 / CMG<br><br>Hearing Date:  03/19/2025<br><br>Judge: Christine M. Gravelle<br><br>Chapter: 13 |

## ORDER CONFIRMING MODIFIED CHAPTER 13 PLAN

The relief set forth on the following pages, numbered two (2) through four (4) is **ORDERED**.

**DATED: March 20, 2025**

Honorable Christine M. Gravelle
United States Bankruptcy Judge

The modified plan of the debtor having been proposed to creditors, and a hearing having been held on the confirmation of such modified plan, and it appearing that the applicable provisions of the Bankruptcy Code have been complied with; and for good cause shown, it is

**ORDERED** that the modified plan of the above named debtor, dated 01/31/2025, or the last amended plan of the debtor be and it is hereby confirmed. The Standing Trustee shall make payments in accordance with 11 U.S.C. § 1326 with funds received from the debtor.

**ORDERED** that the plan of the debtor is confirmed to pay the Standing Trustee for a period of 36 months.

**ORDERED** that the debtor shall pay the Standing Trustee, Albert Russo, based upon the following schedule, which payments shall include commission and expenses of the Standing Trustee in accordance with 28 U.S.C. § 586:

$1,800.00 PAID TO DATE

$150.00 for 24 months beginning 4/1/2025

The balance of the plan shall be paid by the debtor(s) from non-exempt proceeds from the sale or refinance of 47 Selkirk Avenue by 6/30/25

**ORDERED** that the case is confirmed at 100%, which includes a minimum of $190,009.00 dividend to general unsecured creditors due to non-exempt equity in property.

**ORDERED** that the Standing Trustee shall be authorized to submit, ex-parte, an Amended Confirming Order, if required, subsequent to the passage of the claims bar date(s) provided under Fed. R. Bank. P. 3002.

**ORDERED** that the debtor's attorney be and hereby is allowed a fee pursuant to the filed 2016(b) Statement. Any unpaid balance of the allowed fee shall be paid to said attorney through the Chapter 13 plan by the Standing Trustee.

**ORDERED** that if the debtor should fail to make plan payments or fail to comply with other plan provisions for a period of more than 30 days, the Standing Trustee may file, with the Court and serve upon the Debtor and Debtor's Counsel, a Certification of Non-Receipt of Payment and request that the debtor's case be dismissed. The debtor shall have fourteen (14) days within which to file with the Court and serve upon the Trustee a written objection to such Certification.

**ORDERED** that upon completion of the plan, affected secured creditors shall take all steps necessary to remove of record any lien or portion of any lien discharged.

**ORDERED** that the Standing Trustee is <u>not authorized</u> to pay post-petition claims filed pursuant to 11 U.S.C. § 1305(a).

**ORDERED** that the debtor(s) is to complete a sale or refinance of property located at 47 Selkirk Avenue  by 6/30/2025, and any non-exempt proceeds of said sale or refinance shall be paid to the Trustee for the benefit of creditors.

- Creditor PNC Bank, PACER claim #5-1, shall not be paid through the Chapter 13 Plan; creditor will be paid in full outside the Chapter 13 Plan from the sale or refinance.

**ORDERED** that the claim of N or D Remick, court claim #2-1, will be paid as if in the plan, and the Trustee is authorized to pay such claim.

**ORDERED** that if the debtor has provided for a creditor to be paid in the plan and no Proof of Claim is filed by such creditor before expiration of the applicable bar date, the debtor, pursuant to F.R.B.P. 3004, must file a Proof of Claim on behalf of the creditor within 30 days of the expiration of the applicable bar date. If the time period pursuant to F.R.B.P. 3004 has expired, the debtor must file a Proof of Claim on behalf of the creditor **and** file a motion to allow the Trustee to pay the late filed claim, or the debtor may obtain a Consent Order with the creditor authorizing the Trustee to pay an amount certain in the plan.

**ORDERED** as follows:

Berkeley Township Sewerage Authority, court claim #1-1, shall be treated as a general unsecured creditor per the proof of claim.

Debtors attorney shall file a fee application within 7 days of the entry of the Confirming Order.

Trustee shall pay the arrearage amount of $1,016.16 to M&T Bank, court claim #4-1. No distributions shall be made on the bifurcated secured and unsecured portions of Proof of Claim.

United States Bankruptcy Court
District of New Jersey

| | |
|---|---|
| In re: | Case No. 24-12353-CMG |
| Virginia Karros | Chapter 13 |
|     Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0312-3 | User: admin | Page 1 of 2 |
| Date Rcvd: Mar 20, 2025 | Form ID: pdf903 | Total Noticed: 1 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

+    Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Mar 22, 2025:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Virginia Karros, 47 Selkirk Avenue, Toms River, NJ 08757-6249 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

## NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 22, 2025          Signature:          /s/Gustava Winters

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on March 20, 2025 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Albert Russo | on behalf of Trustee Albert Russo docs@russotrustee.com |
| Albert Russo | docs@russotrustee.com |
| Denise E. Carlon | on behalf of Creditor PNC BANK  NATIONAL ASSOCIATION dcarlon@kmllawgroup.com, bkgroup@kmllawgroup.com |
| Douglas J. Smillie | on behalf of Creditor M&T Bank dsmillie@flblaw.com  ccharlton@flblaw.com |
| Marc C Capone | on behalf of Debtor Virginia Karros ecf@gillmancapone.com GillmanBrutonCaponeLLC@jubileebk.net,e4eaf5f23@maildrop.clio.com;mcapone@ecf.courtdrive.com;jgillman@ecf.courtdrive.com |

District/off: 0312-3 | User: admin | Page 2 of 2
Date Rcvd: Mar 20, 2025 | Form ID: pdf903 | Total Noticed: 1

U.S. Trustee
    USTPRegion03.NE.ECF@usdoj.gov

William Joseph Oxley
    on behalf of Creditor Berkeley Township woxley@dastilaw.com

TOTAL: 7