| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>Denise Carlon, Esquire<br>KML Law Group, P.C.<br>701 Market Street, Suite 5000<br>Philadelphia, PA 19106<br>215-627-1322<br>dcarlon@kmllawgroup.com<br>Attorneys for Secured Creditor<br>PNC Bank, National Association | **Order Filed on June 20, 2025<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey** |
| In Re:<br>Virginia Karros<br>Debtor | Case No.: 24-12353 CMG<br><br>Adv. No.:<br><br>Hearing Date: 6/11/2025 @ 9:00 a.m.<br><br>Judge: Christine M. Gravelle |

## ORDER CURING POST-PETITION ARREARS AND RESOLVING CERTIFICATION OF DEFAULT

The relief set forth on the following pages, numbered two (2) through three (3) is hereby **ORDERED.**

**DATED: June 20, 2025**

Honorable Christine M. Gravelle, Chief Judge
United States Bankruptcy Judge

**(Page 2)**
Debtor: Virginia Karros
Case No: 24-12353 CMG
Caption of Order: ORDER CURING POST-PETITION ARREARS & RESOLVING CERTIFICATION OF DEFAULT

_____

This matter having been brought before the Court by KML Law Group, P.C., attorneys for Secured Creditor, PNC Bank, National Association, Denise Carlon, Esq. appearing, upon a certification of default as to real property located at 47 Selkirk Ave, Toms River, NJ, 08757, and it appearing that notice of said motion was properly served upon all parties concerned, and this Court having considered the representations of attorneys for Secured Creditor and Marc C. Capone, Esq., attorney for Debtor, and for good cause having been shown

It is **ORDERED, ADJUDGED and DECREED** that as of June 6, 2025, Debtor is in arrears outside of the Chapter 13 Plan to Secured Creditor for payments due January 2025 through June 2025 for a total post-petition default of $4,626.69 (1 @ $760.96; 1 @ $802.01; 1 @ $761.05; 1 @ $741.49; 2 @ $780.59;); and

It is further **ORDERED, ADJUDGED and DECREED** that the balance of the arrears in the amount of $4,626.69 shall be added to the affidavit of amount due and paid through Debtor's Chapter 13 plan upon sale of property; and

It is further **ORDERED, ADJUDGED and DECREED** that if the closing for the sale of the subject property has not occurred by August 31, 2025, Secured Creditor may obtain an Order Vacating Automatic Stay as to Real Property by submitting a Certification of Default to the Court indicating such payment is more than thirty days late, and Debtor shall have fourteen days to respond; and

It is further **ORDERED, ADJUDGED and DECREED** that regular mortgage payments are to resume July 17, 2025, directly to Secured Creditor (Note: the amount of the monthly mortgage payment is subject to change according to the terms of the note and mortgage); and

It is further **ORDERED, ADJUDGED and DECREED** that for the Duration of Debtor's Chapter 13 bankruptcy proceeding, if the lump sum payment or any regular monthly mortgage payments are not made within thirty (30) days of the date said payment is due, Secured Creditor may obtain an Order Vacating Automatic Stay as to Real Property by submitting a Certification of Default to the Court indicating such payment is more than thirty days late, and Debtor shall have fourteen days to respond; and

It is further **ORDERED, ADJUDGED and DECREED** that a copy of any such application, supporting certification, and proposed Order must be served on the Trustee, Debtor, and Debtor's counsel at the time of submission to the Court; and

It is further **ORDERED, ADJUDGED and DECREED** that Secured Creditor's Certification of Default is hereby resolved.